United States District Court
Southern District of Texas
**ENTERED**
June 09, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| RUBEN GUTIERREZ, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL NO. 1:19-CV-185 |
| § | |
| LUIS V SAENZ, *et al*, § | |
| § | |
| Defendants. § | |

# ORDER

The Court is in receipt of Plaintiff Ruben Gutierrez's ("Gutierrez") motion for stay of execution, Dkt. No. 47, 56. The Court is also in receipt of Defendants' opposition to the stay, Dkt. No. 55. For the foregoing reasons the Court **GRANTS** Plaintiff's motion, Dkt. No. 47.

This action arises under 42 U.S.C. § 1983 and Gutierrez challenges the constitutionality of Texas' DNA testing statute. Dkt. No. 45 at 3; Tex. Crim. Proc. Code art. 64. Gutierrez claims the statute violates procedural due process because it denies a movant the ability to test evidence that would demonstrate he is innocent of the death penalty, and it is unequally and unfairly applied to someone who is convicted under the law of parties. He also claims its different outcome standard is overbroad. Dkt. No. 45 at 25-26. Gutierrez seeks a declaratory judgment holding Chapter 64 unconstitutional. *Id.* at 37.

Gutierrez also claims he will be executed under conditions that violate the First Amendment's Free Exercise and Establishment Clauses and that substantially burden the exercise of his religious beliefs protected by the Religions Land Use and Institutionalized Persons Act ("RLUIPA") of 2000, 42 U.S.C. § 2000cc *et seq*. *Id.* at 15.

Gutierrez requested a Texas Department of Criminal Justice ("TDCJ") employed chaplain to accompany him during his final moments in the execution

chamber. His request was denied based on the TDCJ execution procedure adopted on April 2, 2019, which prohibits all religious or spiritual advisors from entering the execution chamber. That TDCJ policy now states: "TDCJ Chaplains and Ministers/Spiritual Advisors designated by the offender may observe the execution only from the witness rooms." Facing an execution date, Gutierrez filed this lawsuit requesting "a reasonable accommodation to have a Christian chaplain in the execution chamber when he is executed[.]" Dkt. No. 45 at 3. Gutierrez claims relief is necessary to ensure he is executed in way that does not unfairly burden the exercise of his religious beliefs. *Id.* at 4.

On June 2, 2020, after extensive analysis, this Court granted in part and denied in part Defendants' motion to dismiss Gutierrez's complaint for failure to state a claim and for lack of jurisdiction. Dkt. No. 48 at 30-31 (granting dismissal on three grounds and denying dismissal all other grounds). The Court reserved the question of whether to stay Gutierrez's June 16, 2020 execution for determination in a separate order. Dkt. 48 at 1. The briefing before the Court is adequate to decide whether Gutierrez is entitled to a stay of execution.

> When considering a motion to stay a court should determine
>
> "(1) whether the movant has made a showing of likelihood of success on the merits, (2) whether the movant has made a showing of irreparable injury if the stay is not granted, (3) whether the granting of the stay would substantially harm the other parties, and (4) whether the granting of the stay would serve the public interest."

*In re Campbell*, 750 F.3d 523, 534 (5th Cir. 2014) (citing *Nken v. Holder*, 556 U.S. 418, 433-34 (2009)).

A person condemned to death has no automatic entitlement to a stay of execution. *McFarland v. Scott*, 512 U.S. 849, 858 (1994). A stay of execution is an equitable remedy, not available as a matter of right. *Wood v. Collier*, 836 F.3d 534, 538 (5th Cir. 2016). A stay is an exercise of judicial discretion, dependent on the circumstances of the particular case. *Nken*, 556 U.S. at 433. In a capital case, the movant must show a substantial case on the merits and show the balance of equities weighs heavily in favor of granting the stay. *Celestine v. Butler*, 823 F.2d

74, 77 (5th Cir. 1987). The court must consider a state's strong interest in proceeding with judgement and attempts at unnecessary delay or manipulation in bringing a claim. *Nelson v. Campbell*, 541 U.S. 637, 649 (2004).

The Court's analysis in this case demonstrates there are outstanding, substantial, and novel legal and factual questions raised by Gutierrez that have survived a motion to dismiss. Dkt. No. 45. The Court concludes that Gutierrez has made a showing of likelihood of success on the merits of at least one of his DNA or execution-chamber claims. *See* Dkt. No. 45.  While the public has a strong interest in the execution of a valid criminal judgment, the public interest will also be served by fair adjudication of the important issues raised by Gutierrez's lawsuit. Weighing those factors, as well as the potential irreparable injury Gutierrez will suffer if his execution were to go forward, against any harm the state may experience through delay in executing his death sentence, the Court concludes that a stay is warranted in this case. *See Nken*, 556 U.S. at 433-34; *In re Campbell*, 750 F.3d at 534.  A stay will allow this Court to resolve the serious factual and legal issues that remain pending.  *See Murphy v. Collier*, 942 F.3d 704, 709 (5th Cir. 2019) (staying the execution of an inmate raising a similar execution-chamber claims "to explore and resolve serious factual concerns about the balance between . . . religious rights and the prison's valid concerns for security").

The Court **ORDERS** that Gutierrez's motion, Dkt. No. 47, for stay of execution is **GRANTED**, and his execution scheduled for June 16, 2020 after 6:00 p.m. is **STAYED** pending resolution of this § 1983 action.

SIGNED this 9th day of June, 2020.

_____
Hilda Tagle
Senior United States District Judge