IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RUBEN GUTIERREZ,<br>*Plaintiff,* | §<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. 1:19-cv-00185<br>*DEATH PENALTY CASE* |
| LUIS V. SAENZ, *et al.*,<br>Defendants. | §<br>§<br>§ | |

### DEFENDANTS COLLIER, DAVIS, AND LEWIS' OPPOSED MOTION FOR PROTECTIVE ORDER

Defendants Bryan Collier, Lorie Davis, and Billy Lewis ("Defendants"), through the Attorney General for the State of Texas, file this opposed motion for entry of a protective order to protect them from unnecessary and unfeasible written discovery requests, and respectfully show the following:

## I. Procedural Posture

On June 16, 2020, the United States Supreme Court granted Mr. Gutierrez's motion for a stay of execution. In its stay order, the Court directed this Court to "promptly determine whether serious security problems would result if a prisoner facing execution is permitted to choose the spiritual adviser the prisoner wishes to have in his immediate presence during the execution." *Gutierrez v. Saenz*, No. 19-8695, 2020 WL 3248349, at *1 (U.S. June 16, 2020). The Court has distributed the certiorari petition for conference on September 29, 2020.

On June 17, 2020, this Court entered an order setting a July 8, 2020, deadline to conduct discovery, and a July 22, 2020, deadline to file briefing on the security question evidence and the DNA claims.

## II. Discovery Posture

In light of the Court's abbreviated discovery and briefing schedule, Defendants suggested that the parties exchange thorough disclosures, producing all the relevant documents, and then discuss what additional documents may be necessary in lieu of written discovery requests. Particularly because written discovery requests entitle the responding party to thirty days to respond, and take time to draft objections and formal responses. Fed. R. Civ. Pro. 33, 34, 36. Nonetheless, on June 23, 2020, Mr. Gutierrez served three sets of written discovery requests to each of the three Defendants, requiring nine sets of responses. Appended as *Exhibit A*. Pursuant to the Federal Rules, Defendants' responses are due July 23, 2020—a date well after the discovery deadline and after the parties' briefing deadline. Plaintiff's counsel has also provided a list of six (6) depositions they intend to notice.

A nearly identical lawsuit, *Patrick Murphy v. Bryan Collier, et al*, No. 4:19-cv-1106, is currently pending in the Southern District of Texas, Houston Division, before District Judge Hanks. Like Mr. Gutierrez, Murphy brought suit alleging that TDCJ's policy of prohibiting all but the TDCJ Warden and the TDCJ Director in the execution chamber violates his religious rights under the First Amendment and the Religious Land Use and Institutionalized Persons Act. Murphy sued the same three TDCJ defendants as Gutierrez sued in the instant case. Extensive discovery has been

completed in *Murphy* on the issue of TDCJ's security concerns of allowing a spiritual advisor inside the execution chamber and asserted alternative policies that are less restrictive.[1] The claims and issues in *Murphy* are identical to those on which the Supreme Court has requested evidence in the instant case.

Plaintiffs requested, and Defendants agreed that the parties may use all of the evidence generated in the *Murphy* case. Plaintiff's counsel have already obtained copies of all of the non-confidential *Murphy* evidence, including records, written discovery, and deposition transcripts. Once this Court grants the parties' unopposed motion for entry of a joint protective order [ECF. NO. ___], Defendants will produce copies of the *confidential Murphy* evidence as well.

### III. Legal Standard for Protective Order

Federal Rule of Civil Procedure 26(c)(1) authorizes the Court, for good cause, to forbid discovery to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense." The burden is on the party seeking the protective order to show it is necessary, who must also show "a particular and specific demonstration

---

[1] In *Murphy*, the following discovery has been completed: Depositions of three (3) TDCJ chaplains who performed a role in executions; Deposition of Director Lorie Davis; Deposition of Officer John Doe (an officer with many years of experience in security before and during executions); Interrogatories for Director Bryan Collier, Director Lorie Davis, Warden Billy Lewis, and former-TDCJ Chaplain David Collier; and a video-recorded walk-through of the execution chamber and surrounding areas at the Huntsville Unit.
  In addition to thousands of pages of records, the following key documents have been produced in *Murphy*: TDCJ employee and chaplain training; protocols relating to employee background checks; a schematic of the Huntsville Unit execution chamber and surrounding areas; TDCJ chaplaincy manual; previous and current versions of the TDCJ execution protocol; all existing records identifying which TDCJ-employed chaplains were present in the execution chamber during executions; photographs of the inside of the execution chamber from various angles; sworn affidavit of Jeremy Desel regarding security concerns relating to executions; and sworn affidavit of Director Lorie Davis regarding security concerns relating to executions.

of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

### IV.  Reasonable Limits on Discovery are Necessary

In light of the Supreme Court's conference setting on September 29, 2020, and this Court's abbreviated discovery and briefing schedule, Defendants do not believe the Court contemplated voluminous Level 2 discovery in this case. Moreover, there is little room for extending time: Briefs are due July 22, 2020 and Reply briefs due by July 29, 2020. A substantial extension of the discovery deadline, and accordingly the briefing deadline, to allow for the Plaintiff's requested discovery would leave this Court with very little time to consider the briefs and evidence before it must submit its determination as ordered by the Supreme Court.[2]

Counsel for the parties have conferred several times over the past week in an attempt to resolve discovery and timing issues informally. Defendants have requested that Plaintiff withdraw his written discovery requests and to re-evaluate what records he believes he still needs after he reviews the Murphy discovery. While

---

[2]  TDCJ executives, including Bryan Collier, Lorie Davis, and many others are extremely busy responding to the ongoing COVID-19 pandemic as it effects the prison population. Additionally, TDCJ is set for a bench trial on July 13, 2020 before Judge Keith Ellison in the Southern District of Texas, Houston Division in the case of *Valentine v. Linthicum, et al.*, No. 4:20-cv-1115. In *Valentine*, a putative class filed suit alleging that TDCJ officials are deliberately indifferent to a serious risk from COVID-19. Because of the nature of the claims, Judge Ellison expedited the trial setting and has planned ten (10) days for trial. TDCJ executive officials will not be available to respond to discovery or any other litigation-related tasks during that period.

Plaintiff indicated he may re-evaluate what is missing, he refuses to withdraw any of the propounded discovery.

Little or no additional discovery is necessary in the instant case in order to comply with the Supreme Court's directive to determine TDCJ's security problems with allowing clergy inside the execution chamber. Discovery on the same issue has been completed in another case raising the exact same claim, and Gutierrez's discovery requests are wholly duplicative. Accordingly, Defendants request the Court issue a protective order quashing the written discovery propounded by Plaintiff thus far, and to set reasonable limits on permissible discovery, if any additional discovery is required at all.

## Conclusion

In light of the Supreme Court's directive and conference setting, the current discovery deadline should be maintained and reasonable limitations on discovery should be ordered. The parties may utilize the extensive discovery generated in *Murphy v. Collier*, which obviates the necessity of additional discovery. Should the Court conclude that some limited discovery is necessary, Defendants propose that it be limited to a single deposition and ten (10) requests for production per side. A deposition and ten requests for production will be more than sufficient for the parties to obtain any evidence they believe is lacking after evaluating the *Murphy* evidence.

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**JEFFREY C. MATEER**
First Assistant Attorney General

**RYAN L. BANGERT**
Deputy First Assistant Attorney General

**DARREN L. MCCARTY**
Deputy Attorney General for Civil Litigation

**SHANNA E. MOLINARE**
Division Chief
Law Enforcement Defense Division

**EDWARD L. MARSHALL**
Division Chief
Criminal Appeals Division

*/s/ Leah O'Leary*
**LEAH O'LEARY**
Assistant Attorney General
Attorney-in-Charge
State Bar No. 24079074
Southern District No. 1563191
Leah.Oleary@oag.texas.gov

Law Enforcement Defense Division
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548
Austin, Texas 78711-2548
(512) 463-2080 / Fax (512) 370-9918

**AMY L. PRASAD**
Assistant Attorney General
Co-Counsel
Texas Bar No. 24037295
Southern District No. 563045
Amy.Prasad@oag.texas.gov

**JAY CLENDENIN**
Assistant Attorney General
Co-Counsel
Texas Bar No. 24059589
Southern District No. 920324
Jay.Clendenin@oag.texas.gov

6

ATTORNEYS FOR DEFENDANTS
COLLIER, DAVIS, AND LEWIS

## CERTIFICATE OF CONFERENCE

I, **LEAH O'LEARY**, Assistant Attorney General of Texas, certify that I conferred with counsel for Ruben Gutierrez regarding withdrawing his written discovery requests and about reasonable limitations on discovery. Plaintiff is opposed to the relief sought in this motion.

*/s/ Leah O'Leary*
**LEAH O'LEARY**
Assistant Attorney General

## NOTICE OF ELECTRONIC FILING

I, **LEAH O'LEARY**, Assistant Attorney General of Texas, certify that I have electronically submitted for filing a true and correct copy of the foregoing in accordance with the Electronic Case Files system of the Southern District of Texas, on June 29, 2020.

*/s/ Leah O'Leary*
**LEAH O'LEARY**
Assistant Attorney General

## CERTIFICATE OF SERVICE

I, **LEAH O'LEARY**, Assistant Attorney General of Texas, do hereby certify that on June 29, 2020, a true and correct copy of the foregoing was served by email and by the electronic case-filing system of the Court to the following counsel of record, who consented in writing to accept service by electronic means:

Peter Walker
Federal Community Defender for
the Eastern District of Pennsylvania
601 Walnut St., Suite 545 West
Philadelphia, PA 19106
peterwalker@fd.org

Richard Rogers, III
3636 S. Alameda St., Suite D191
Corpus Christi, TX 78411
rwrogersiii@aol.com

Edward Sandoval
First Assistant District Attorney
Cameron County, Texas
964 East Harrison St.
Brownsville, TX 78520
appellate@co.cameron.tx.us

Rene De Coss
City Attorney, Brownsville, Texas
914 E. Van Buren
Brownsville, TX 78520
renedecoss@cob.us

/s/ Leah O'Leary
**LEAH O'LEARY**
Assistant Attorney General