IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RUBEN GUTIERREZ, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL NO. 1:19-CV-185 |
| | § | |
| LUIS V SAENZ, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

The Court is in receipt of Defendants' Unopposed Motion for Entry of a Protective Order. Dkt. No. 75. The Court **ADOPTS** the Parties' Agreed Protective Order, Dkt. No. 75-1, repeated below.

## AGREED PROTECTIVE ORDER

The parties, acting through their respective undersigned counsel, enter into this agreement pursuant to Rule 26(c) of the Federal Rules of Civil Procedure:

1. Documents produced by Defendants in this action may be designated as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information by marking each page of the document(s) so designated with a stamp stating "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only"). In lieu of marking the original of a document, if the original is not produced, the designating party may mark the copies that are produced or exchanged. Originals shall be preserved for inspection.

2. All Confidential Information produced or exchanged in the course of this litigation shall be used solely for the purpose of preparation and trial of this

litigation and for no other purpose whatsoever and shall not be disclosed to any person except in accordance with the terms hereof.

3. Confidential Information or "For Counsel Only" (or "Attorneys' Eyes Only") is any information of any type, kind, or character which is designated, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer or otherwise. In designating information as "Confidential," or "For Counsel Only" (or "Attorneys' Eyes Only"), Defendants will make such designation only as to the information that they in good faith believe contains confidential information, such as information that would compromise the safety and security of the public, the State of Texas, individuals or entities involved in any capacity in executions, or those inside the prison if disclosed.

4. Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a third party (which information pertains to a party) may be designated by Defendants as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") by indicating on the record at the deposition that the testimony is "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") and is subject to the provisions of this Order.

5. Defendants may also designate information disclosed at such deposition as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") by notifying all counsel of record in writing within two (2) business days[1] of receipt of the court reporter's transcript of the specific pages and lines of the transcript which should be treated as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") thereafter. All deposition recordings, notes, and transcripts shall be treated as "For Counsel Only" (or "Attorneys' Eyes Only") for no less than two (2) business days after the date of receipt of the court reporter's transcript to give time for Defendants to designate information as confidential under this paragraph by indicating the page and lines of the designated testimony. Until the expiration of two (2) business days or Defendants have indicated that they do not intend to designate any portion of the deposition as confidential, all testimony, notes, and recordings of any kind must remain confidential and "For Counsel Only" and must not be disclosed.

6. "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons as described in Paragraph 8 below.

7. Only "Qualified Persons" as described in Paragraph 8 below shall be permitted to attend the depositions of any named Defendants or any 30(b)(6)

---

[1] A business day includes Monday through Friday until 5:00 p.m., but excludes state and federal holidays.

deponent. Additional attendees may be permitted to attend these depositions only with the consent of the parties or by order of the court.

8. "Qualified Persons" are persons to whom "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information may be shown, and as used herein means: (a) attorneys of record who have entered appearances for the parties in this litigation; (b) the following named persons working with Plaintiff's counsel of record: Shawn Nolan, Chief, Capital Habeas Unit; Ali Wright, Research and Writing Specialist; Timothy Kane, Assistant Federal Defender; Jessica Tsang, Research and Writing Specialist; Lynne Kolodinsky, Assistant Federal Defender; Stuart Lev, Senior Litigator; Annie Fisher, Assistant Federal Defender; Sara McLachlan, Paralegal; Tina Marie Decandia, Legal Assistant; and Steve J. Martin, Expert, only after they have agreed to the terms of and sign a copy of this protective order; (c) the employees of the Office of the Attorney General who are currently listed as persons receiving e-notices from the CM/ECF system in this case; (d) a certified court reporter used to preside over and/or record depositions, who will also be provided a copy of this protective order. Plaintiff Ruben Gutierrez is not a "qualified person" for purposes of this protective order.

9. Documents unintentionally produced without designation as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") may be retroactively designated in the same manner and shall be treated appropriately from the date written notice of the designation is provided to the receiving party.

10. Documents to be inspected shall be treated as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") during inspection. At the time of copying for the receiving parties, such inspected documents shall be stamped prominently "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") by the producing party.

11. Nothing herein shall prevent disclosure beyond the terms of this Agreement if each party designating the information as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") consents to such disclosure or if the Court, after notice to all affected parties, orders such disclosures. Nor shall anything herein prevent any counsel of record from utilizing "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information in the examination or cross-examination of any person who is indicated on the document as being an author, source or recipient of the "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information, irrespective of which party produced such information. Such examination or cross-examination, whether by written questions or live testimony, relating to information labeled as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") shall also be designated as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only").

12.     A party shall not be obligated to challenge the propriety of a designation as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event any party to this litigation disagrees at any state of these proceedings with the designation by the designating party of any information as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") or the designation of any person as a Qualified Person, the parties shall first try to resolve such dispute in good faith on an informal basis, such as by production of redacted copies. If the dispute cannot be resolved, the objecting party may invoke this Protective Order by objecting in writing to the party who has designated the document or information as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only"). The designating party shall be required to move the Court for an order preserving the designated status of such information within fourteen (14) days of receipt of the written objection, and failure to do so shall constitute a termination of the restricted status of such item. The parties may, by stipulation, provide for exceptions to this Agreement and any party may seek an order of this Court modifying this Agreement. If any party objects to the designation of a person or entity as a "qualified person" within the required fourteen days, or if a party objects to the designation of information as confidential, the information will retain its confidential designation and no disclosure may be made until the court rules on the objections.

13.     Nothing shall be designated as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information except information of a sensitive nature and which includes as a major portion subject matter that is believed to be unknown to the opposing party or parties. Nothing shall be regarded as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information if it is information that either: (a) is in the public domain in the same type and form at the time of disclosure, as evidenced by a written document; (b) the receiving party can show by written document that the information was in its rightful and lawful possession at the time of disclosure; or (c) the receiving party lawfully receives such information at a later date from a third party without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

14.     In the event a party wishes to use any "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information in any affidavits, briefs, memoranda of law, or other papers filed in Court in this litigation, such "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information used therein shall be filed under seal with the Court, or redacted pursuant to an agreement of the parties. The parties agree that any party wishing to file documents designated as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") shall file the document under seal.

15. The parties will request that the Clerk of this Court be directed to maintain under seal all documents and transcripts of deposition testimony and answers to interrogatories, admissions and other pleadings filed under seal with the Court in this litigation which have been designated in whole or in part as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information by a party to this action. It is herein agreed that all parties are unopposed to filing documents designated as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") under seal. Parties need not confer regarding motions to seal.

16. Unless otherwise agreed to in writing by the parties or ordered by the Court, all proceedings involving or relating to documents or any other information shall be subject to the provisions of this Agreement.

17. Within one hundred twenty (120) days after conclusion of this litigation and any appeal (to either the court of appeals, the Supreme Court of the United States, or both) thereof, any document and all reproductions of documents produced by a party in the possession of any of the Qualified Persons shall be destroyed or returned to the producing party, except as this Court may otherwise order or to the extent such information was used as evidence at the trial. As far as the provisions of agreements entered in this action restrict the communication and use of the documents produced thereunder, such agreements shall continue to be binding after the conclusion of this litigation, except (a) there shall be no restriction on documents that are used as exhibits in Court, unless such exhibits were filed under seal, and (b) a party may seek the written permission of the producing party with respect to dissolution or modification of such agreements.

18. This order shall not bar any attorney herein in the course of rendering advice to his client with respect to this litigation, from conveying to his client his evaluation in a general way of "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information produced or exchanged herein; provided, however, that in rendering such advice and otherwise communicating with his client, the attorney shall not disclose the specific contents of any "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information produced by another party herein, which disclosure would be contrary to the terms of this Protective Order. To the extent the attorney conveys information to his client that is designated as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only"), said attorney will instruct his client to adhere to the terms of this Protective Order.

19. Any party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Protective Order and shall be responsible upon breach of such duty for the failure of such person to observe the terms of this Protective Order.

20. Nothing in this Agreed Protective Order shall be interpreted as a waiver of a privilege or objection to a request for information. Nothing in this Order shall be interpreted to waive statutory confidentiality protections, including, but not limited to the Texas Code of Criminal Procedure art. 43.14 and Texas Government Code § 552.152.

SIGNED this 29th day of June, 2020.

Hilda Tagle
Senior United States District Judge