United States District Court
Southern District of Texas
**ENTERED**
August 19, 2020
David J. Bradley, Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RUBEN  GUTIERREZ, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL NO. 1:19-CV-185 |
| | § | |
| LUIS V SAENZ, *et al*, | § | |
| | § | |
| Defendants. | § | |

## <u>ORDER</u>

The Court is in receipt of Plaintiff Ruben Gutierrez's Motion for Leave to Conduct Limited Discovery Following Close of Discovery, Dkt. No. 93. The Court is in receipt of Defendants' opposition to the motion, Dkt. No. 97, and Gutierrez's reply, Dkt. No. 98.

Gutierrez moves to conduct discovery of all ministers and spiritual advisors "currently approved by TDCJ to visit offenders, and the credentials provided to TDCJ by those ministers or spiritual advisors…" Dkt. No. 93 at 2. Gutierrez states Defendants' responses and initial disclosures prompted this discovery inquiry. *Id.* Gutierrez states the information sought is probative of his complaint and the directive from the Supreme Court in this case. *Id.* Gutierrez asks to extend discovery for this purpose until September 8, 2020. Dkt. No. 93. The current discovery deadline is August 21, 2020. Dkt. No. 82. Defendants oppose the motion on the grounds that the discovery will prejudice their briefing; the current discovery deadline is sufficient; Gutierrez has not shown good cause; the documents are not probative of Gutierrez's specific claims; the requested production is "extremely burdensome" because the documents are not centralized. Dkt. No. 97. Defendants did not propose alternative discovery or deadlines. *Id.*

The Court reminds the Parties of this Court's Civil Procedures which state that most discovery disputes should be resolved by the Parties without Court intervention. Civil Procedures 5(K), Tagle, J. (Effective May 23, 2016).

The Supreme Court instructed this Court to "promptly determine, based on whatever evidence the parties provide, whether serious security problems would result if a prisoner facing execution is permitted to choose the spiritual adviser the prisoner wishes to have in his immediate presence during the execution." *Gutierrez v. Saenz*, No. (19A1052), 2020 WL 3248349, at *1 (U.S. June 16, 2020).

The Court concludes the Supreme Court's directive resolves the Parties' discovery dispute. *See id.* Gutierrez's requests for spiritual adviser credentials are directly probative of the Supreme Court's instruction and the execution chamber issues raised in his complaint. Defendants state that each file search will take ten minutes and to produce the documents for all individuals at the 2,984-person Polunsky Unit would take 497 hours. Dkt. No. 97. Yet, this case concerns the presence of spiritual advisers during an execution, not every spiritual advisor approved by TDCJ. Limiting the discovery to spiritual advisors involved in executions would vastly reduce the documents to be produced. Accordingly, the Court **GRANTS** Gutierrez's motion for limited discovery, Dkt. No. 93. So as not to prejudice either party in its briefing the Court also **RESETS** the following deadlines:

- **August 21, 2020**      Deadline to conduct discovery

- **September 8, 2020**     Deadline to conduct limited discovery discussed in this order

- **September 22, 2020**    Deadline for briefing on DNA and execution chamber issues

Replies may be submitted within seven days of any brief filed. Without leave of Court, briefs may not exceed 30 pages and replies may not exceed 10 pages.

SIGNED this 19th day of August, 2020.

_____
Hilda Tagle
Senior United States District Judge