IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RUBEN GUTIERREZ, | : | |
|     Plaintiff, | : | Civil Case No. 1:19-CV-185 |
| | : | |
| v. | : | |
| | : | THIS IS A CAPITAL CASE |
| LUIS V. SAENZ, Cameron County | : | |
| District Attorney, et al., | : | |
|     Defendants. | : | |

———————————————————

**PLAINTIFF'S MOTION TO STRIKE
THE DECLARATION OF LORIE DAVIS**

———————————————————

Plaintiff Ruben Gutierrez respectfully moves this Court to strike the Declaration of Lorie Davis (ECF No. 110-16) filed in support of Defendants' Brief in Response to the Court Order for Briefing (ECF No. 110), and in support thereof states as follows:

On July 1, 2020, this Court entered an Order setting August 21, 2020 as the deadline for discovery to close in this case. *See* ECF No. 82, Order. Plaintiff diligently engaged in the discovery process to inform his Brief Regarding Security Question (ECF No. 109), serving written discovery on Defendants and deposing four of Defendants' witnesses – including Lorie Davis, the then-Director of the Correctional Institutions Division of the Texas Department of Criminal Justice.

But now, in an end run around the rules of discovery, Defendants have submitted and relied heavily on a declaration from Ms. Davis, which was not produced until after the close of discovery even though it was executed two days prior. Ms. Davis was deposed by Plaintiff's counsel on August 19, 2020, two days before the close of discovery. On August 22, 2020, after the close of discovery, Defendants produced Ms. Davis' declaration (ECF No. 110-16) to Plaintiff's counsel, as part of Defendants' "Second Supplemental Disclosures."[1] Given that Ms. Davis executed her declaration on August 19, 2020 – the *same* day of her deposition and possibly even minutes after Plaintiff's counsel finished his examination – Defendants' decision to withhold the declaration until discovery had closed must have been knowing and purposeful.

Defendants' conduct is prohibited by Rules 26(a)(1) and 26(e)(1). Among other things, Rule 26(a)(1) requires a party to make an initial disclosure "of all documents . . . that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses . . . ." Fed. R. Civ. P. 26(a)(1)(ii).

---

[1] The Second Supplemental Disclosures referenced Defendants' obligations under Rule 26(a)(1); they also included execution protocols for several different states. Defendants indicate in the Second Supplemental Disclosures that Ms. Davis' declaration was "produced August 21, 2020 via email." Ex. A, Defendants' Second Supplemental Disclosures to Plaintiff, at 12. In fact, however, Defendants did not send Ms. Davis' declaration to Plaintiff's counsel until 10:52 a.m. EST on August 22, 2020. Ex. B, 8/22/20 email from L. O'Leary to P. Walker.

Rule 26(e)(1) requires parties to supplement their initial disclosures "in a timely manner." Fed. R. Civ. P. 26(e)(1)(A). It is manifestly not "timely" for a party to wait until she has been deposed and discovery completed and then create a hearsay declaration – based on information that was at all times in her possession, custody or control – and attempt to rely upon that hearsay declaration to support her claims or defenses. If a party can win by dumping hearsay into the record after discovery has closed, there is not much point in going through the discovery process at all.

Defendants' conduct also violates the principles underlying the sham affidavit rule. *See, e.g.*, *Doe v. Dallas Independent School District*, 220 F.3d 380, 386 (5th Cir. 2000) ("A plaintiff may not manufacture a genuine issue of material fact by submitting an affidavit that impeaches prior testimony without explanation."). As the Fifth Circuit has explained, "if a party who has been examined at length on deposition could raise an issue of fact simply by submitting an affidavit contradicting his own prior testimony, this would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact." *Id.* (citing *Perma Research and Dev. Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969)).

The procedural posture of this case differs from the typical sham affidavit case because it does not arise on a motion for summary judgment. The effect, however, is similar. This Court is to make findings of fact based on the evidence

developed in discovery. ECF No. 70, Order. Reliance on a hearsay declaration produced after the close of discovery is the same improper conduct that the sham affidavit rule guards against. Defendants waited until after Ms. Davis had been deposed and after the close of discovery to produce her declaration.[2]

On numerous occasions, Ms. Davis was asked about security incidents involving the conduct of TDCJ chaplains, religious volunteers, and/or condemned inmates' spiritual advisors at scheduled executions, and each time she did not identify any such incidents. ECF No. 109-1 at A158-A160, A293, A294, A299-A300. Ms. Davis now identifies instances in which a *non-clerical* person caused a brief disruption. ECF No. 110-16 at 4. Previously, she had noted only two. ECF No. 109-1 at A293, A295. The relevance of these instances, none of which involve

---

[2] Ms. Davis' declaration was executed the same day that she was deposed. There is no evidence as to precisely when on August 19, 2020 Ms. Davis executed her declaration. In the unlikely event that Ms. Davis executed her declaration before her 10:00 a.m. deposition, she was required to produce it to Plaintiff's counsel at the time of her deposition in accordance with Defendants' ongoing obligation to produce documents responsive to Plaintiff's written discovery requests. *See, e.g.*, Ex. C, Plaintiff's First Set of Request for Production at 5, 7 (instructing Defendants that they have an "ongoing duty to supplement their responses" and requesting all documents and communications relating to the April 2019 policy change); *see also* Fed. R. Civ. P. 26(a)(1)(ii) ("a party must, without awaiting a discovery request, provide . . . a copy . . . of all documents . . . that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses. . . ."); Fed. R Civ. P. 26(e)(1)(A) (party must supplement its disclosures in a "timely manner").

clergy presence, is questionable, but regardless each was known to Ms. Davis prior to her deposition and should have been disclosed earlier. *See* https://www.tdcj.texas.gov/death_row/dr_executed_offenders.html (last visited Sept. 26, 2020) (showing incidents occurred prior to both Ms. Davis's June 2019 and August 2020 depositions).

In addition, Ms. Davis now states in her declaration that "there is no scenario where the TDCJ could safely or securely allow non-TDCJ employees in the execution chamber"; thus, "the only choice was to restrict the execution chamber to only the Huntsville Unit Warden and the CID Director or their designees." ECF No. 110-16 at 2; *see also* ECF No. 110, Def.s' Br. 19, 37. However, at her deposition that same day, Ms. Davis admitted that she had not considered whether certain vetting procedures would allow TDCJ to safely accommodate clergy members in the execution chamber. *See, e.g.*, ECF No. 109-1 at A220-A222.

Defendants cannot rehabilitate Ms. Davis' deposition testimony by drafting a self-serving, untested declaration for her to sign minutes after she finishes testifying. *See, e.g.*, *Doe*, 220 F.3d at 386.

Nor can Defendants create their own factual record after the close of discovery. Such gamesmanship flouts the discovery rules and deprives Plaintiff of his right to cross-examine the witness using the withheld documents. Defendants had ample opportunity to rehabilitate Ms. Davis' testimony and ask her about the

points raised in her declaration during redirect. In fact, redirect during a deposition is permitted precisely for this reason. Had Defendants fairly participated in the discovery process by timely producing the Davis declaration or conducting redirect based on the points raised therein, Plaintiff's counsel would have had an opportunity to ask about the declaration during cross or re-cross. Instead, Defendants declined to conduct any redirect (ECF No. 109-1 at A246) and now cite to the untested declaration more than 20 times in support of their defenses. *See* ECF No. 110 at 18-20, 24-27, 33.

Finally, even if this Court finds that the sham affidavit doctrine does not apply here, the rules regarding the production of responsive documents beyond the discovery window should still govern. *See, e.g.*, *MGM Well Servs. v. Mega Lift Sys., LLC*, 2007 U.S. Dist. LEXIS 5005, *16 (S.D. Tex. Jan. 24, 2007) (granting plaintiff's motion to exclude belatedly produced evidence because defendant, "having failed to provide accurate information in accordance with the timing requirements in this case . . . cannot now rely on conflicting [documents] it provided only after discovery closed"). Defendants had possession and control of Ms. Davis' fully executed declaration on August 19, 2020. They had an obligation to promptly produce the declaration to Plaintiff's counsel, as they intended to use it to support their defenses and it was responsive to Plaintiff's discovery requests. By withholding Ms. Davis' declaration until the discovery deadline had passed,

Defendants not only deprived Plaintiff of the opportunity to ask Ms. Davis or Defendants' 30(b)(6) witness questions about the declaration during their respective depositions,[3] but also deprived Plaintiff of the opportunity to reopen either deposition at a later time.  If Defendants could upend the level informational playing field established by the discovery rules by withholding a responsive document and waiting until after the close of discovery to produce it, the value of deposition testimony – a cornerstone of civil litigation – would be substantially diminished.  Defendants' conduct is improper and the evidence presented to the Court should be limited to what was timely produced in discovery.

---

[3] The deposition of Defendants' 30(b)(6) witness, Billy Hirsch, occurred on August 21, 2020, two days after Ms. Davis executed her declaration and the day before Defendants disclosed the declaration.

## **CONCLUSION**

For all of the foregoing reasons, Plaintiff respectfully requests that the Court grant his motion to strike the declaration of Lorie Davis.

                              Respectfully submitted,

                              /s/ Peter Walker
                              Peter Walker
                              Matthew Lawry
                              Assistant Federal Defenders
                              Federal Community Defender for the
                               Eastern District of Pennsylvania
                              Suite 545 West, The Curtis
                              601 Walnut Street
                              Philadelphia, PA 19106
                              (215) 928-0520
                              peter_walker@fd.org

                              /s/ Richard W. Rogers, III
                              Richard W. Rogers, III
                              3636 S. Alameda St., Ste. B, #191
                              Corpus Christi, TX  78411
                              (361) 779-5281
                              rwrogersiii@aol.com


                              Counsel for the Plaintiff

## CERTIFICATE OF CONFERENCE

I hereby certify that I have conferred with counsel for Defendants, Assistant Attorney General Leah O'Leary, who indicated that Defendants oppose this motion.

/s/Peter Walker
Peter Walker

Dated: September 29, 2020

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I served the foregoing pleading and the attachments thereto on the following persons by ECF filing:

> Leah O'Leary
> Deputy Chief
> Law Enforcement Division
> Office of the Attorney General of Texas
> Post Office Box 12548
> Austin, Texas 78711-2548

/s/ Peter Walker
Peter Walker

Dated:   September 29, 2020