United States District Court
Southern District of Texas
**ENTERED**
January 29, 2021
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| RUBEN  GUTIERREZ, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL NO. 1:19-CV-185 |
| | § | |
| LUIS V SAENZ, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

The State of Texas has scheduled death-row inmate Edward L. Busby ("Busby") for execution on February 10, 2021.  Busby has filed a Motion to Intervene in this civil rights action filed by fellow death row inmate Ruben Gutierrez.  Dkt. No. 128.  Busby has also submitted a proposed civil rights complaint based on his desire to have a volunteer chaplain present during his execution. Dkt. No. 128-1. Additionally, Busby has filed a Motion for Stay of Execution Pending Disposition of Proposed Intervenor's Motion to Intervene and Complaint Filed Pursuant to 42 U.S.C. §1983.  Dkt. No. 131.

Busby seeks intervention under Federal Rule of Civil Procedure 24(b).  Rule 24(b) provides that intervention is permissible by anyone who "has a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b).   Permissive intervention may be appropriate when "(1) timely application is made by the intervenor, (2) the intervenor's claim or defense and the main action have a question of law or fact in common, and (3) the intervention will not unduly delay or prejudice the adjudication of the rights of the original parties." *League of United Latin Am. Citizens, Council No. 4434 v. Clements*, 884 F.2d 185, 189 n.2 (5th Cir. 1989).  "Permissive intervention 'is wholly discretionary with the [district] court . . . even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied.'"  *New Orleans Pub. Serv., Inc. v.*

*United Gas Pipe Line Co.*, 732 F.2d 452, 470–71 (5th Cir. 1984) (*en banc*) (citing Wright & Miller, Federal Practice and Procedure: Civil § 1913 at 551).

On January 25, 2021, the United States Supreme Court entered an order remanding this case to the Court of Appeals for the Fifth Circuit, but the mandate has not yet issued. Dkt. No. 127.  The parties have extensively litigated several issues relating to Plaintiff Ruben Gutierrez's ("Gutierrez") desire to have a TDCJ-employed chaplain in the execution chamber and the parties have provided extensive briefing on Gutierrez's challenge about the availability of DNA testing to Texas death row inmates. Although there are common questions of law and fact between some of Gutierrez's claims and Busby's, the first and third elements of the permissive intervention test weigh against intervention at this stage of the case. *See League of United Latin Am. Citizens*, 884 F.2d at 189 n.2. Allowing an intervenor at this advanced phase of litigation in a case which also concerns additional claims not raised by Busby risks unnecessary delay and prejudice to the original parties. *See id.*

Given the discrete issues in Gutierrez's lawsuit and his reliance on issues not present in Busby's proposed § 1983 complaint, the Court **DENIES** Busby's motion to intervene. This Order does not reach the merits of Busby's claim. Therefore, based on the denial of intervention the Court **DENIES** Busby's motion for a stay of execution **WITHOUT PREJUDICE**.

SIGNED this 29th day of January, 2021.

Hilda Tagle
Senior United States District Judge