IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| RUBEN GUTIERREZ, § | |
| § *Plaintiff,* | |
| § | CIVIL ACTION NO. 1:19-CV-185 |
| v. § | *DEATH PENALTY CASE* |
| § | |
| LUIS V. SAENZ, et al., § | |
| § *Defendants.* | |

---

## DEFENDANTS' BRIEF

---

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

JOSH RENO
Deputy Attorney General
For Criminal Justice

EDWARD L. MARSHALL
Chief, Criminal Appeals Division

JAY CLENDENIN
Assistant Attorney General
State Bar No. 24059589
   *Counsel of Record*

P.O. Box 12548, Capitol Station
Austin, Texas 78711
Tel.: (512) 936-1400
Fax: (512) 320-8132
Email: *jay.clendenin@oag.texas.gov*

EDWARD SANDOVAL
First Assistant District Attorney,
Cameron County, Texas

RENE DE COSS
City Attorney, Brownsville, Texas

*Counsel for Defendants*

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................. i

TABLE OF AUTHORITIES .......................................................................................... ii

ARGUMENT .................................................................................................................. 3

CONCLUSION ............................................................................................................. 10

CERTIFICATE OF SERVICE ..................................................................................... 12

# TABLE OF AUTHORITIES

**Cases**                                                                                                      **Page**

*Adams v. Thaler*, 679 F.3d 312 (5th Cir. 2012) .................................................................9

*Austin v. Davis*, 876 F.3d 757 (5th Cir. 2017) ...................................................................4

*Beets v. Johnson*, 180 F.3d 190 (5th Cir. 1999) .................................................................4

*Brown v. Bryan County, OK*, 219 F.3d 450 (5th Cir. 2000) ..............................................9

*Clifford v. Gibbs*, 298 F.3d 328 (5th Cir. 2002) .................................................................4

*Diaz v. Stephens*, 731 F.3d 370 (5th Cir. 2013) ........................................................... 9, 10

*District Attorney's Office for Third Judicial Dist. v. Osborne*, 557 U.S. 52 (2009) ................................................................................................................................4

*Gonzalez v. Justices of the Mun. Court of Boston*, 420 F.3d 5 (1st Cir. 2005) ...7

*In re Whirlpool Corp. Front-Loading Washer Products Liability Litigation*, 722 F.3d 838 (6th Cir. 2013) ......................................................................................................7

*Jackson v. Barnhart*, No. 98-41193, 2002 WL 32909589 (5th Cir. 2002) ..........8

*Johnson v. Chicago Bd. of Educ.*, 457 U.S. 52 (1987) .......................................................9

*Kenemore v. Roy*, 690 F.3d 639 (5th Cir. 2012) ............................................................ 7, 8

*Lawrence ex rel. Lawrence v. Chater*, 516 U.S. 163 (1996) ..............................................7

*Martinez v. Ryan*, 566 U.S. 1 (2012) .................................................................................9

*O'Connor v. Donaldson*, 422 U.S. 563 (1975) ..................................................................9

*Trevino v. Thaler*, 569 U.S. 413 (2013) .............................................................................9

*Tyler v. Cain*, 533 U.S. 656 (2001) ....................................................................................7

*United States v. Cisneros*, 456 F. Supp. 2d 826 (S.D. Tex. 2006) .....................6

*United States v. Garcia-Mejia*, 145 F. App'x 954 (5th Cir. 2005) .......................... 8

*Wood v. Collier*, 678 F. App'x 248 (5th Cir. 2017) ........................................... 5, 6

**Statutes and Rules**

Fed. R. Civ. P. 54(b) ................................................................................................. 3

Fifth Cir. R. 41.3 ....................................................................................................... 6

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| RUBEN GUTIERREZ, § | |
|     *Plaintiff,* § | |
| § | CIVIL ACTION NO. 1:19-CV-185 |
| v. § | *DEATH PENALTY CASE* |
| § | |
| LUIS V. SAENZ, et al., § | |
|     *Defendants*. § | |

**DEFENDANTS' BRIEF**

Plaintiff Ruben Gutierrez was properly convicted and sentenced to death for the murder of eighty-five-year-old Escolastica Harrison. Gutierrez has repeatedly and unsuccessfully challenged his conviction and sentence in state and federal court. He has exhausted his postconviction remedies, including twice unsuccessfully seeking postconviction DNA testing in state court. Relevant here, Gutierrez filed an amended civil-rights complaint alleging Texas's postconviction DNA testing procedures[1] facially and as authoritatively construed by the Texas Court of Criminal Appeals (CCA) violate procedural due process. Pl.'s Amended Compl. 19–32, ECF No. 45. Defendants[2] filed a

---

[1]  Chapter 64 of the Texas Code of Criminal Procedure

[2]  Defendants are Luis Saenz, Cameron County District Attorney, Felix Sauceda, Jr., Chief, Brownsville Police Department, Bryan Collier, Executive Director, Texas Department of Criminal Justice (TDCJ), Bobby Lumpkin, Director, TDCJ, and Billy Lewis, Warden, TDCJ. Gutierrez sued each Defendant in his or her official capacity. Pl.'s Amended Compl. 4–5. Gutierrez's DNA claims are directed only toward Defendants Saenz and Sauceda. Pl.'s Resp. 24 n.12, ECF No. 47.

1

motion to dismiss Gutierrez's amended complaint. *See generally* Defs' Mot. Dismiss, ECF No. 46. This Court entered an order granting in part and denying in part Defendants' motion to dismiss. Mem. & Order 30–31, ECF No. 48.

This Court later granted Gutierrez's request for a stay of his previously scheduled execution. Order 3, ECF No. 57. Defendants filed a motion in the Fifth Circuit to vacate the stay of execution, which was granted. *Gutierrez v. Saenz*, 818 F. App'x 309, 311–15 (5th Cir. 2020). Gutierrez then filed in the Supreme Court a petition for a writ of certiorari and an application for a stay of execution in which he abandoned the challenge to Texas's postconviction DNA testing statute. The Supreme Court granted Gutierrez's application for a stay of execution as to his spiritual-advisor claims and ordered that this Court "should promptly determine . . . whether serious security problems would result if a prisoner facing execution is permitted to choose the spiritual adviser the prisoner wishes to have in his immediate presence during the execution." *Gutierrez v. Saenz*, 141 S. Ct. 127, 127–28 (June 16, 2020).

This Court then ordered the parties to, *inter alia*, "submit a brief regarding what, if any, DNA claims remain in this case and the merits of those claims," which the parties did. ECF Nos. 70, 118, 119, 122, 123. Specifically, Defendants filed a motion seeking reconsideration of this Court's order denying, in part, Defendants' motion to dismiss Gutierrez's DNA claims. Mot. to Reconsider, ECF No. 119 (Motion). The motion remains pending.

This Court then answered the Supreme Court's security question in the negative. Order, ECF No. 124. The Supreme Court later granted Gutierrez's petition for a writ of certiorari, vacated the Fifth Circuit's order, and remanded the case for consideration of the merits of Gutierrez's spiritual-advisor claims. *Gutierrez v. Saenz, et al.*, 2021 WL 231538, at *1 (Jan. 25, 2021) (GVR order). The Supreme Court's judgment issued on February 26, 2021, and the Fifth Circuit remanded the case to this Court on the same day in accord with the Supreme Court's order for prompt consideration of the merits of Gutierrez's spiritual-advisor claims. Order, *Gutierrez v. Saenz, et al.*, No. 20-70009 (5th Cir. Feb. 26, 2021).

As discussed below, the Supreme Court's GVR order did not affect the Fifth Circuit's holding that Gutierrez was not entitled to a stay of execution because his DNA claims were unlikely to succeed on the merits or this Court's consideration of those claims. For the reasons discussed below and in Defendants' motion to reconsider, this Court should reconsider its prior order denying, in part, Defendants' motion to dismiss and dismiss all of Gutierrez's DNA claims with prejudice. *See* Fed. R. Civ. P. 54(b).

## ARGUMENT

Gutierrez's DNA claims should be dismissed for failing to state a claim upon which relief can be granted because they are time-barred and entirely meritless. Motion at 3–7; ECF No. 119 at 7–26. Specifically, as the Fifth Circuit

3

concluded, Gutierrez's "core" DNA claim is plainly contrary to the Supreme Court's holding in *Osborne*.[3] *Gutierrez v. Saenz*, 818 F. App'x at 312–13; ECF No. 123 at 2–9; ECF No. 119 at 13–26. Additionally, Gutierrez's claims that amount to as-applied challenges to the CCA's opinion and his attempt to extend particular trial rights to the postconviction DNA testing process—e.g., Gutierrez's claim that the state court erred in considering his cohorts' statements, ECF No. 122 at 8–9—are improper. *See Osborne*, 557 U.S. at 68–69 (the "right to due process is not parallel to a trial right, but rather must be analyzed in light of the fact that [Gutierrez] has already been found guilty at a fair trial, and has only a limited interest in postconviction relief"). Consequently, the Fifth Circuit properly held the DNA claims were "unlikely to succeed on the merits," a holding Gutierrez did not challenge in the Supreme Court. *Gutierrez v. Saenz*, 818 F. App'x at 312. Gutierrez's disentitlement to a stay of execution based on his DNA claims is now law of the case.[4] *See Clifford*

---

[3]   *District Attorney's Office for Third Judicial Dist. v. Osborne*, 557 U.S. 52 (2009).

[4]   That is, if Gutierrez were again scheduled for execution prior to this Court's adjudication of the merits of Gutierrez's DNA claims in the regular course, the Fifth Circuit would be bound by its prior decision absent an intervening change in law. *See Austin v. Davis*, 876 F.3d 757, 778 (5th Cir. 2017) ("This circuit's rule of orderliness, however, provides that one panel of our court may not overturn another panel's decision, absent an intervening change in the law."); *Beets v. Johnson*, 180 F.3d 190, 195 (5th Cir. 1999) ("The [en banc court's] holding is binding on this court as the law of the case and review of the decision was denied by the Supreme Court."). And notably, Gutierrez's challenge to Chapter 64 is purely legal, not factual, and cannot require factual development. Consequently, the factual posture of Gutierrez's DNA claims will almost certainly remain unchanged.

4

*v. Gibbs*, 298 F.3d 328, 331 (5th Cir. 2002) ("[T]he law of the case doctrine applies only to issues that were actually decided, rather than all questions in the case that might have been decided, but were not.").

The Fifth Circuit's opinion was rooted in its analysis of the potential merit of Gutierrez's DNA claims, *Gutierrez v. Saenz*, 818 F. App'x at 312–13, and it bears on this Court's adjudication of those claims because it is a clear signal as to how the Fifth Circuit would resolve those claims on the merits. *Gutierrez v. Saenz*, 818 F. App'x at 312–13. Even if the Fifth Circuit's holding that Gutierrez's DNA claims were unlikely to succeed on the merits does not amount to law of the case as to the claims' merits (because the Fifth Circuit adjudicated only the issue of Gutierrez's entitlement to a stay of execution), it is a strong indication that reconsideration is warranted and that the claims should be dismissed for failing to state a claim upon which relief could be granted. Motion at 4–5; *see Wood v. Collier*, 678 F. App'x 248, 249 (5th Cir. 2017) ("Previously, we denied a stay, finding that Plaintiffs were unlikely to succeed on the merits of their appeal. Nothing subsequent leads us to believe that conclusion was in error, and we affirm dismissal of those claims for the reasons previously stated.") (footnote omitted).

The Supreme Court's GVR order—based *solely* on Gutierrez's spiritual-advisor claims—did not disturb the Fifth Circuit's opinion insofar as it held Gutierrez was not entitled to a stay of execution regarding his DNA claims

5

because the claims were not likely to succeed on the merits. The GVR order does not constitute an intervening change in law as to the DNA claims, and the Fifth Circuit's decision as to the potential merit of the DNA claims remains, *at a minimum*, persuasive authority and constitutes a basis on which this Court can and should reconsider its order denying Defendants' motion to dismiss the claims for failing to state a claim upon which relief can be granted. *See Wood*, 678 F. App'x at 249; *cf. United States v. Cisneros*, 456 F. Supp. 2d 826, 839 (S.D. Tex. 2006) ("[R]econsideration en banc vacates a panel's decision. . . . A vacated decision, while persuasive, is no longer binding precedent.") (citing Fifth Cir. R. 41.3).

Indeed, the GVR order did not alter or nullify the Fifth Circuit's holding regarding Gutierrez's DNA claims because Gutierrez did not seek review in the Supreme Court of the Fifth Circuit's holding that he was not entitled to a stay of execution as to those claims. Pet. Cert. 9, *Gutierrez v. Saenz, et al.*, No. 19-8695 (June 15, 2020) ("Mr. Gutierrez also alleged violations of due process with respect to the denial of DNA testing (claims he does not present to this Court)."). The Supreme Court's GVR order, then, cannot have the effect of vacating the Fifth Circuit's holding that Gutierrez was disentitled to a stay of execution based on his DNA claims.

A GVR order "occurs when the Supreme Court summarily grants a petition for a writ of certiorari and simultaneously vacates the judgment of the

6

lower court and remands for further proceedings *for some specified reason.*" *Kenemore v. Roy*, 690 F.3d 639, 640 n.1 (5th Cir. 2012) (emphasis added). A GVR order does not amount to a final determination on the merits, and it is not a decision "that has any determinative impact on future lower-court proceedings." *Id.* at 641. Nor is a GVR order "an invitation to reverse." *Gonzalez v. Justices of the Mun. Court of Boston*, 420 F.3d 5, 7 (1st Cir. 2005) (a GVR order should not be "treat[ed] . . . as a thinly-veiled direction to alter . . . course."). Rather, the practice "allows a circuit court to reconsider its opinion, often after a change in the law or factual circumstances that might lead to a different result." *Kenemore*, 690 F.3d at 641. As the Supreme Court has explained,

> Where intervening developments, or recent developments that we have reason to believe the court below did not fully consider, reveal a reasonable probability that the decision below rests upon a premise that the lower court would reject if given the opportunity for further consideration, and where it appears that such a redetermination may determine the ultimate outcome of the litigation, a GVR order is . . . potentially appropriate.

*Lawrence ex rel. Lawrence v. Chater*, 516 U.S. 163, 167 (1996); *see Tyler v. Cain*, 533 U.S. 656, 666 n.6 (2001). "[A] GVR order does not necessarily imply that the Supreme Court has in mind a different result in the case, nor does it suggest that [the circuit court's] prior decision was erroneous." *In re Whirlpool Corp. Front-Loading Washer Products Liability Litigation*, 722 F.3d 838, 834 (6th Cir. 2013). Following a GVR order, the lower court "is free to determine

7

whether its original decision is still correct in light of the changed circumstances or whether a different result is more appropriate." *Kenemore*, 690 F.3d at 642.

Here, the only intervening developments that have occurred following the Supreme Court's stay of Gutierrez's execution in June 2020 are the submission of discovery that is pertinent *only* to Gutierrez's spiritual-advisor claims and this Court's answer to the Supreme Court's security question, a development explicitly referenced in the GVR order. *Gutierrez v. Saenz, et al.*, 2021 WL 231538, at *1. No intervening development—no change in the law or factual circumstances—has occurred as to Gutierrez's DNA claims. On remand, the Fifth Circuit did not determine that a different result as to the DNA claims was appropriate. It cannot be said, then, that the GVR order rendered the Fifth Circuit's conclusion that Gutierrez's DNA claims were unlikely to succeed on the merits a nullity. *See United States v. Garcia-Mejia*, 145 F. App'x 954, 955 n.1 (5th Cir. 2005) ("We think it obvious that the Supreme Court's [GVR order] . . . was not in response to the second point (that concerning *Almendarez-Torres*) in the certiorari petition and that the remand to this Court does not contemplate our reconsideration of whether we should depart from *Almendarez-Torres*."); *Jackson v. Barnhart*, No. 98-41193, 2002 WL 32909589, at *1 (5th Cir. 2002) (following Supreme Court's GVR order, vacating the district court's judgment and remanding the case to the district

8

court on only one issue because "[t]he Supreme Court's remand left untouched our holdings on the other issues Jackson raised on appeal").[5]

By way of analogy, the federal habeas petitioner in *Diaz v. Stephens*, sought to reopen the district court proceedings based on the purportedly extraordinary circumstances of the Supreme Court's holdings in *Martinez v. Ryan*, 566 U.S. 1 (2012), and *Trevino v. Thaler*, 569 U.S. 413 (2013). *Diaz v. Stephens*, 731 F.3d 370, 375 (5th Cir. 2013). Relying on its previous decision in *Adams v. Thaler*, 679 F.3d 312 (5th Cir. 2012), the Fifth Circuit rejected Diaz's argument. *Diaz*, 731 F.3d at 376; *Adams*, 679 F.3d at 319–20. Diaz also argued the Supreme Court's GVR orders in two cases following the issuance of *Trevino* "invalidated" the Fifth Circuit's *Adams* opinion. *Diaz*, 731 F.3d at 378. The Fifth Circuit rejected that argument, too, explaining that the GVR orders had

---

[5] In *Brown v. Bryan County, OK*, the Fifth Circuit concluded the Supreme Court's order vacating the Fifth Circuit's prior decision and remanding the case for further consideration meant that its "previous opinion [was] no longer law of the case." 219 F.3d 450, 453 n.1 (5th Cir. 2000) (citing *Johnson v. Chicago Bd. of Educ.*, 457 U.S. 52, 53–54 (1987), and *O'Connor v. Donaldson*, 422 U.S. 563, 577 n.12 (1975)). But as the dissent explained, such a general rule drawn from the Supreme Court's opinions cited by the majority was unsupported because those opinions were the result of intervening events. *Id.* at 472 (DeMoss, C.J., dissenting). Nonetheless, as discussed above, Defendants do not assert that the Fifth Circuit's holding that Gutierrez was not entitled to a stay of execution based on his DNA claims amounts to binding law of the case as to the claims' merit because the Fifth Circuit did not adjudicate an appeal of a decision by this Court as to the ultimate merit of those claims. Rather, the Fifth Circuit's opinion is persuasive authority that provides a clear signal as to the claims' lack of merit and provides reason to reconsider this Court's prior order.

9

"no impact" on the merits of Diaz's case because such orders have "no determinative impact" even "on an underlying case." *Id.* at 378.

As in *Diaz*, it would "seem utterly illogical" to conclude the Supreme Court's GVR order in Gutierrez's case invalidated the Fifth Circuit's holding as to his DNA claims where the order does not have any determinative impact even on the claims Gutierrez raised in his certiorari petition. *Id.* at 379. The Fifth Circuit's holding that Gutierrez's DNA claims were unlikely to succeed on the merits remains a basis on which this Court should reconsider its order denying, in part, Defendants' motion to dismiss.

## CONCLUSION

For the reasons discussed above and in Defendants' motion to reconsider, this Court should reconsider its order denying, in part, Defendants' motion to dismiss and dismiss with prejudice all of Gutierrez's DNA claims.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

JOSH RENO
Deputy Attorney General
For Criminal Justice

EDWARD L. MARSHALL
Chief, Criminal Appeals Division

10

s/ Jay Clendenin
JAY CLENDENIN
Assistant Attorney General
State Bar No. 24059589
Southern District Admission No. 920324

Post Office Box 12548, Capitol Station
Austin, Texas 78711
Tel.: (512) 936-1400
Fax: (512) 320-8132
email: *jay.clendenin@oag.texas.gov*

s/ Edward Sandoval
EDWARD SANDOVAL
First Assistant District Attorney, Cameron County, Texas
State Bar No. 24063779
Southern District Admission No. 1057169

964 East Harrison St.
Brownsville, Texas 78520
email: *appellate@co.cameron.tx.us*

s/ Rene De Coss
RENE DE COSS
City Attorney, Brownsville, Texas
State Bar No. 00795315
Southern District Admission No. 20563

914 E. Van Buren
Brownsville, Texas 78520
email: *rene.decoss@brownsvilletx.gov*

*Counsel for Defendants*

11

## CERTIFICATE OF SERVICE

      I do herby certify that on March 12, 2021, I electronically filed the foregoing document with the Clerk of the Court for the U.S. District Court, Southern District of Texas, using the electronic case-filing system of the Court. The electronic case-filing system sent a "Notice of Electronic Filing" (NEF) to the following counsel of record, who consented in writing to accept the NEF as service of this document by electronic means:

Peter Walker  
Federal Community Defender  
for the Eastern District of Pennsylvania  
601 Walnut St., Suite 545 West  
Philadelphia, PA  19106  
peterwalker@fd.org

Richard Rogers, III  
3636 S. Alameda St., Suite D191  
Corpus Christi, Texas 78411  
rwrogersiii@aol.com

                          s/ Jay Clendenin  
                          JAY CLENDENIN  
                          Assistant Attorney General