IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RUBEN GUTIERREZ,<br>    *Plaintiff,* | §<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. 1:19-cv-0185 |
| LUIS SAENZ, Cameron County District Attorney, FELIX SAUCEDA, JR.., Chief, Brownsville Police Department, BRYAN COLLIER, Executive Director of the Texas Department of Criminal Justice, BOBBY LUMPKIN, Director of the Texas Department of Criminal Justice–Correctional Institutions Division, and DENNIS CROWLEY,[1] Warden of the Huntsville Unit,<br>    *Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | *Death Penalty Case |

### DEFENDANTS BRYAN COLLIER, BOBBY LUMPKIN, AND DENNIS CROWLEY'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS

Defendants Bryan Collier, Executive Director of the Texas Department of Criminal Justice (TDCJ), Bobby Lumpkin, Director of the TDCJ-Correctional Institutions Division (TDCJ-CID), and Dennis Crowley, Warden of the TDCJ Huntsville Unit, file this reply to Plaintiff's response to Defendants' motion to dismiss this suit as moot.

### Reply to Gutierrez's Contentions about Exhaustion

Gutierrez argues that engaging in the TDCJ grievance procedure as to his proposed new claims would be merely "pro forma" or futile. This argument fails for two reasons:

First, futility is not an exception to the Fifth Circuit's strict enforcement of the PLRA exhaustion requirement. Prison Litigation Reform Act, 42 U.S.C. § 1997e(a); *see, e.g.*, *Booth v.*

---

[1] Although the Clerk has not changed the case caption, Warden Dennis Crowley should be substituted for Warden Billy Lewis pursuant to Federal Rule of Civil Procedure 25(d)(1). *See* ECF No. 126.

1

*Churner,* 532 U.S. 731, 739–40 (2001) (concluding that there are no "futility or other [judicially created] exceptions [to the] statutory exhaustion requirements" The only exception to the exhaustion requirement is where an administrative remedy is unavailable. *See Valentine v. Collier*, 956 F.3d 797, 804 (5th Cir. 2020) (explaining that an administrative remedy is unavailable only when: "the relevant administrative procedure lacks authority to provide any relief;" the "administrative scheme [is] so opaque that . . . no reasonable prisoner can use them;" or when "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation"). Gutierrez has not alleged, let alone demonstrated that the grievance procedure is in any way unavailable to him.

Second, requiring Gutierrez to utilize the grievance process prior to a federal court litigating the issue would not be merely "pro forma," because it will facilitate deliberation by TDCJ officials as to whether and how physical contact may present security issues in these circumstances. The email request from Gutierrez's litigation counsel requested that the spiritual advisor place a hand on the left shoulder and remain there for the entirety of the execution process and until after Gutierrez's death. Emails between litigation counsel do not satisfy the PLRA exhaustion requirement, and do not enable the interactive process and genuine consideration that the grievance procedure is designed to facilitate. *See Booth*, 532 U.S. at 739–40 (pointing out that the exhaustion requirement is meant to provide prison officials the opportunity to resolve an inmate's complaints through the grievance process as opposed to litigation). A federal civil rights lawsuit is not the vehicle to explore the parameters of what religious accommodation would be acceptable to Gutierrez and to TDCJ officials.

### Gutierrez's Motion to Amend his Complaint

If this Court determines that Gutierrez will be permitted to add claims to litigate the parameters of what his spiritual advisor will do inside the execution chamber, as requested in his motion for leave to amend the complaint, the Court should nonetheless grant Defendants' motion to dismiss his live complaint as moot. This will properly narrow the scope of the remaining claims over which the court has jurisdiction. The Court should no longer exercise jurisdiction over Gutierrez's claim for injunctive relief to allow his spiritual advisor inside the execution chamber. Any injunction that the Court might issue in this case could not order the relief sought in Gutierrez's live complaint, i.e., to allow his chosen spiritual advisor inside the execution chamber, because (1) the policy already allows for this accommodation, and (2) any hypothetical claim that Gutierrez's spiritual advisor might not be approved is not ripe. The claim may never be ripe if Gutierrez's original (now moot) claim is not dismissed, thereby delaying the approval process for his spiritual advisor.[3]

### CONCLUSION

Gutierrez's constitutional and statutory challenges to the TDCJ Execution Procedure are now moot. The Court, accordingly, lacks subject-matter jurisdiction where there no longer exists a cognizable controversy.

---

[3] The state court scheduled Gutierrez's execution for October 27, 2021. See ECF No. 159. Gutierrez has submitted his request to have his spiritual advisor accompany him in the execution chamber. TDCJ unit staff have made several attempts to contact Gutierrez's spiritual advisor as delineated in the TDCJ Execution Procedure, but the spiritual advisor has not been responsive.

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**GRANT DORFMAN**
Deputy First Assistant Attorney General

**SHAWN E. COWLES**
Deputy Attorney General for Civil Litigation

**SHANNA E. MOLINARE**
Division Chief
Law Enforcement Defense Division

*/s/ Leah O'Leary*
**LEAH O'LEARY**
Assistant Attorney General
Attorney-in-Charge
State Bar No. 24079074
Southern District No. 1563191
Leah.Oleary@oag.texas.gov

**JOSH RENO**
Deputy Attorney General for Criminal Justice

**EDWARD L. MARSHALL**
Division Chief
Criminal Appeals Division

**JAY CLENDENIN**
Assistant Attorney General
State Bar No. 24059589

**OFFICE OF THE ATTORNEY GENERAL**
P.O. Box 12548, Capital Station
Austin, Texas 78711-2548
(512) 463-2080 / Fax (512) 370-9401

**ATTORNEYS FOR DEFENDANTS
COLLIER, LUMPKIN, AND CROWLEY**

4

## NOTICE OF ELECTRONIC FILING

I, **LEAH O'LEARY**, Assistant Attorney General of Texas, certify that I have electronically submitted for filing, a true and correct copy of the above in accordance with the Electronic Case Files System of the Southern District of Texas on July 16, 2021.

>/s/ Leah O'Leary
**LEAH O'LEARY**
Assistant Attorney General

## CERTIFICATE OF SERVICE

I, **LEAH O'LEARY**, Assistant Attorney General of Texas, certify that a true and correct copy of the above has been served on all attorneys of record through the court's electronic notification system on July 16, 2021.

>/s/ Leah O'Leary
**LEAH O'LEARY**
Assistant Attorney General