Case 1:19-cv-00185   Document 182   Filed on 10/29/21 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
October 29, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RUBEN GUTIERREZ, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL NO. 1:19-CV-185 |
| | § | |
| LUIS V SAENZ, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

The Court is in receipt of Plaintiff Ruben Gutierrez's ("Gutierrez") September 16, 2021 Motion to Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e), Dkt. No. 179; Defendants Bryan Collier ("Collier"), Bobby Lumpkin ("Lumpkin") and Dennis Crowley's ("Crowley") (collectively "Defendants") Response, Dkt. No. 180; and Plaintiff's Reply, Dkt. No. 181. For the following reasons, the Court **GRANTS** Gutierrez's motion.

Federal Rule of Civil Procedure 59(e) authorizes a litigant to "call into question the correctness of a judgment." *In re Rodriguez*, 695 F.3d 360, 371 (5th Cir. 2012) (quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). Relief under Rule 59(e) is appropriate "(1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 (5th Cir. 2012). A Rule 59(e) motion "cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Morris v. PLIVA, Inc.*, 713 F.3d 774, 776 (5th Cir. 2013) (quoting *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). "[S]uch a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.,* 367 F.3d 473, 479 (5th Cir. 2004).

The granting of this motion is based on the subsequent review of the following chronology: (1) the July 9, 2012 Texas Department of Criminal Justice ("TDCJ") Execution Procedure ("2012 Execution Procedure") which stated that the "Huntsville Unit Chaplain or a designated approved TDCJ Chaplain shall accompany the offender while in the Execution Chamber." Dkt. No. 109-6 at 63; (2) the April 21, 2021 TDCJ Execution Procedure ("2021 Execution Procedure") which states that "[i]f requested by the inmate and previously approved by the TDCJ, a TDCJ Chaplain or the inmate's approved spiritual advisor will be escorted into the execution chamber by an agency representative to observe the inmate's execution." Dkt. No. 153-3 at 10; (3) the May 20, 2021 email from TDCJ counsel stating that the TDCJ would not permit the spiritual advisor to accommodate Gutierrez's spiritual needs as requested in the previous email from Gutierrez's counsel of the same date, Dkt. No. 153-4; (4) Chaplain Wayne Moss' ("Moss") undisputed deposition testimony that contact was allowed in the execution chamber under the 2012 Execution Procedure, 6/24/19 Moss Tr. at 19:4-8 in *Murphy v. Collier*, No. 4:19-cv-1106 (S.D. Tex. June 24, 2019), Dkt. No. 110-14; and (5) the recent filings in the United States Supreme Court addressing the TDCJ custom and practice of allowing touching and praying in the execution chamber. *See* Brief of Former Prison Officials as Amici Curiae in Support of Petitioner, at 2-11, *Ramirez v. Collier*, No. 21-5592, 2021 WL 4667642 (U.S.); Brief of Spiritual Advisors and Former Corrections Officials as Amici Curiae Supporting Petitioner, at 13-19, *Ramirez v. Collier*, No. 21-5592, 2021 WL 4670366 (U.S.).

This Court erred in concluding that Gutierrez was dilatory. While neither the 2012 Execution Procedure nor the 2021 Execution Procedure place limitations on the manner or means by which a spiritual advisor may accommodate an inmate's spiritual needs in the execution chamber, it is evident from Moss' deposition testimony that under the 2012 Execution Procedure touching the inmate was allowed. This is contrary to the representation made by Defendants in their response that "physical contact and audible prayer were never permitted under current or former TDCJ Execution Procedures," Dkt. No. 180 at 1-2. Gutierrez and

his counsel had a reasonable expectation that under the 2021 Execution Procedure the spiritual advisor would be allowed to meet his spiritual needs in the execution chamber because touching had been allowed under the 2012 Execution Procedure.

Therefore, premises considered, the Court **VACATES** the Order of Dismissal, Dkt. No. 172, and Final Judgment, Dkt. No. 173; **GRANTS** Gutierrez's September 16, 2021 Motion to Alter or Amend Judgment, Dkt. No. 179; **SETS ASIDE** its conclusion that Gutierrez was dilatory and **AMENDS** its August 19, 2021 Order accordingly, Dkt. No. 172; and **GRANTS** Gutierrez's May 27, 2021 Motion for Leave to Supplement or Amend the Amended Complaint, Dkt. No. 153.

SIGNED this 29th day of October 2021.

_____
Hilda Tagle
Senior United States District Judge